UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARCO ANTONIO RAMOS, JUAN FRANCISCO LOPEZ[,]
RICARDO BARRIGA, NELSON RODRIGUEZ, and
ARVEL WILMARK WILSON, on behalf of themselves
all others similarly situated in Housing Unit A 2
at Buffalo Federal Detention Facility,

                       Petitioners-Plaintiffs,

-vs-

CHAD WOLF, Actg. Secy. U.S. Dept. of Homeland
Security; MATTHEW ALBENCE, Deputy Director
U.S. Immigration and Customs Enforcement;
JEFFREY SEARLS, Facility Director, Buffalo Federal
Detention Facility,

                       Respondents-Defendants.
_____

DECISION and ORDER

20-CV-6379 (CJS)

## INTRODUCTION

At the time of filing, *pro se* petitioners Marco Antonio Ramos, Juan Francisco Lopez, Ricardo Barriga, Nelson Rodriguez, and Arvel Wilmark Wilson (collectively, "Petitioners"), were all detainees at the Buffalo Federal Detention Facility ("BFDF"). Pet., June 8, 2020, ECF No. 1. Petitioners have filed a putative class action complaint and joint petition for habeas corpus pursuant to 28 U.S.C. § 2241, alleging violation of their due process rights. Petition at ¶ 58. Petitioners ask the Court to certify this petition as a class action; assign them counsel; declare the conditions of confinement at BFDF, Housing Unit A2, to be unconstitutional; and issue a writ of habeas corpus ordering Respondents-Defendants Chad Wolf, Matthew Albence, and Jeffrey Searls ("Respondents") to release a sufficient number of class members to reduce the population of Petitioners' housing unit to a level that permits adequate social distancing, and eliminates the double bunking that exists in their unit. Petition at 18–19.

Respondents have opposed Petitioners' requests and claims on both procedural and

1

substantive grounds. Mot. to Dismiss (I), Oct. 23, 2020, ECF No. 7. With respect to Petitioners' request for certification as a class, Respondents maintain that a class action cannot be pursued *pro se*, and that Petitioners are inadequate class representatives. Mot. to Dismiss (I) at 9. With respect to the habeas petition, Respondents argue that Petitioners Avrel Wilmark Wilson and Marco Antonio Ramos should be dismissed from the case because they have been removed from the United States. Resp. Mem. Of Law, 8, Oct. 23, 2020; Mot. to Dismiss (II), Nov. 5, 2020, ECF No. 12. Additionally, Respondents argue that the only proper defendant is Respondent Searls, the Officer in Charge of BFDF. Resp. Mem. Of Law at 11. As to the substance of Petitioners' claims, Respondents deny that the conditions of confinement at BFDF violate Petitioners' constitutional rights.

Aware of the distinct disadvantage that *pro se* litigants face, the Court liberally construes Petitioners' submissions to raise the strongest arguments that they suggest. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nevertheless, for the reasons set forth below, Petitioners' request to certify the class is denied, Respondents' motions to dismiss [ECF Nos. 7 and 12] are granted, and the petition for habeas corpus [ECF No. 1] is dismissed.

PETITIONERS' REQUEST FOR CLASS CERTIFICATION

Petitioners seek to have their Due Process claims certified as a class action on behalf of "all individuals detained in civil immigration detention at BFDF, Housing Unit A2." Pet. at ¶ 65. However, it is well settled that a "*pro se* plaintiff may not act as the representative of a class." *Terio v. Johann*, No. 05-CV-5918, 2006 WL 2819659, at *1 n. 4 (S.D.N.Y. Sept. 29, 2006) (citing *Phillips v. Tobin*, 548 F.2d 408, 413–15 (2d Cir. 1976)). As the Second Circuit explained, "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him." *Amaker v. Goord*, No. 06-CV-490S, 2008 WL 5191667, at *1 (W.D.N.Y. Dec. 10, 2008)

(quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Accordingly, given the established rule, Petitioners' request that the class be certified is denied without prejudice because Petitioners are proceeding *pro se*.

RESPONDENTS' MOTIONS TO DISMISS

Respondents move to dismiss the claims of Petitioners Arvel Wilmark Wilson and Marco Antonio Ramos as moot because they have been removed from the United States. In that regard, Respondents have filed a copy of a "Warrant of Removal/Deportation" for Petitioner Wilson, dated August 19, 2020. Mot. to Dismiss (I) (Ex. E), Oct. 23, 2020, ECF No. 7-8. The warrant indicates that Petitioner Wilson was removed from the United States on September 24, 2020. Mot. to Dismiss (I) (Ex. E) at 3. In addition, Respondents have filed a copy of Petitioner Ramos' "Warrant of Removal / Deportation," which indicates that he was removed from the United States on October 30, 2020. Mot. to Dismiss (II) (Ex. 1), Nov. 5, 2020, ECF No. 12-1.

As indicated above, Petitioners in this matter seek declaratory relief and a writ of habeas corpus. "The district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition . . . the petition is rendered moot." *Denis v. DHS/ICE of Buffalo, New York*, 634 F. Supp.2d 338, 341 (W.D.N.Y. 2009); *see also* Harvey v. Holder, 63 F. Supp.3d 318, 320 (W.D.N.Y. 2014). Further, "declaratory relief survives a mootness challenge only insofar as it seeks to declare a set of legal relations which attributes legal liability for damages to the party against whom the relief is sought." *Lane v. Reid*, 559 F. Supp. 1047, 1052 (S.D.N.Y. 1983). Because Petitioners seek only declaratory relief and their release, and not damages, the release from custody and removal from the United States of Petitioners Wilson and Ramos renders their claims moot, and they are dismissed as Petitioners in this action.

In addition, Respondents correctly observe that although Petitioners named several

respondents, the only proper respondent to the habeas petition is the one with direct control over Petitioners: Jeffrey Searls, the "Officer in Charge" at the Buffalo Federal Detention Facility. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242 and § 2243); *Nunez v. Searls*, No. 18-CV-6463, 2019 WL 2524308, at *2 (W.D.N.Y. June 19, 2019). The Clerk is therefore directed to amend the caption of this case accordingly, and dismiss the other named Respondents.

## THE HABEAS PETITION

28 U.S.C. § 2241(c)(3) provides that a district court may grant a writ of habeas corpus within its jurisdiction to prisoners or detainees who are "in custody in violation of the Constitution or laws or treaties of the United States." In their petition, Petitioners assert that:

> 59. Defendant's failure to implement adequate social distancing and proper hygienic practices [at BFDF], constitutes deliberate indifference to critical safety concerns. Defendants are aware of and have recklessly and cavalierly disregarded the serious risk of COVID-19 to [Petitioners] and the entire detainee population of BFDF. They fail to regard statements by their own medical experts and the actions that various other jurisdictions illustrate.
>
> * * *
>
> 78. By detaining [Petitioners] at BFDF during the global COVID-19 pandemic without implementing social distancing, [Respondents] are failing to ensure [Petitioners'] reasonable safety[] exposing them to a risk of infection from COVID-19 and thus violating their rights under the Fifth Amendment.

Respondents point out that in the case of *Jones v. Wolf*, 476 F. Supp.3d 74 (W.D.N.Y. 2020), another court in this district recognized that Immigration and Customs Enforcement ("ICE") had "taken substantial steps toward protecting the health and safety of the individuals detained at BFDF." *Jones*, 476 F. Supp.3d at 90. Respondents therefore argue that this action should be dismissed for the reason that "no due process violation exists because [Respondents have] taken the steps recommended by public health officials." Resp. Mem. of Law at 12.

Legal Standard

"Immigration detainees can establish a due process violation for unconstitutional conditions of confinement by showing that a government official knew, or should have known of a condition that posed an excessive risk to health, and failed to take appropriate action." *Hassoun v. Searls*, 453 F. Supp.3d 612, 620 (W.D.N.Y. 2020) (citing *Basank v. Decker*, 449 F. Supp.3d 205, 214, No. 20 CIV. 2518 (AT), (S.D.N.Y. Mar. 26, 2020)) (internal quotation marks and citation omitted). As the Second Circuit has stated:

> This means that a pretrial detainee must satisfy two prongs to prove a claim, an "objective prong" showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and . . . a "*mens rea* prong" or "mental element prong" — showing that the officer acted with at least deliberate indifference to the challenged conditions . . . . "deliberate indifference" roughly means "recklessness," but "recklessness" can be defined subjectively (what a person actually knew, and disregarded), or objectively (what a reasonable person knew, or should have known) . . . .

*Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

Application

The Court has reviewed all materials submitted in this case, and finds that an evidentiary hearing is not warranted. *See* Rules Governing § 2254 Cases, Rule 8.

With respect to the merits of Petitioners' arguments, Court need not consider whether the conditions at BFDF are sufficiently serious to constitute objective deprivations of the right to due process because Petitioners have not demonstrated that Respondents have failed to take appropriate action. For instance, Respondents have filed a sworn declaration from the "Officer in Charge" ("OIC") at BFDF, Jeffrey Searls, outlining the various measures taken to preserve the health and safety of its detainees and staff. Mot. to Dismiss (I) (Ex. 9), Oct. 23, 2020, ECF No. 7-9. OIC Searls stated that, among other things, BFDF has prioritized medical care for anyone claiming symptoms of COVID-19; revised its policies and procedures to include best practices for preventing the spread of COVID-19, such as social distancing,

frequent hand-washing, and physical contact; initiated a screening protocol for new arrivals before entry into the facility, separating them in a separate intake unit for two weeks prior to entering the general population; implemented a bathing schedule, and increased cleanings of the bathing facility throughout the day; begun providing soap free of charge to detainees, and making hand sanitizer available in each unit; and started providing surgical masks, cleaning supplies, and gloves to detainees, and requiring that detainees use the masks when outside of their unit. Mot. to Dismiss (I) (Ex. 9) at ¶ 4, ¶ 29.

Significantly, OIC Searls also indicated that the BFDF capacity was reduced after an individual review of all detainees and their risk factors for COVID-19, and is now operating at only 40% of capacity. Mot. to Dismiss (I) (Ex. 9) at ¶ 5–6. In addition, BFDF offers testing to all consenting detainees, and has conducted "saturation testing" such that all consenting detainees have been tested for COVID-19. Mot. to Dismiss (I) (Ex. 9) at ¶ 20–21.

In sum, Respondents have provided substantial evidence that "the facility has taken every effort to protect the health and well-being of detainees . . . ." Mot. to Dismiss (I) (Ex. 9) at ¶ 38. Despite an opportunity to answer, Petitioners' have not attempted to controvert any of OIC Searls' statements. *See* Order, Sept. 8, 2020, ECF No. 4 (" . . . . Petitioner[s] shall have 25 days after [their] receipt of the Respondents answer or motion to dismiss to file a written response . . . .") Accordingly, the Court finds that Petitioners have failed to demonstrate a due process violation for unconstitutional conditions of confinement.

CONCLUSION

Based upon the foregoing, the Court finds that the Petitioners have failed to demonstrate that they are "in custody in violation of the Constitution or laws or treaties of the United States" for the purposes of granting habeas corpus relief under 28 U.S.C. § 2241. Consequently, it is hereby

ORDERED, that Respondents' respective motions to dismiss the claims of Petitioners

Arvel Wilmark Wilson [ECF No. 7] and Marco Antonio Ramos [ECF No. 12] as moot are granted; and it is further

ORDERED, that the Clerk of Court dismiss Respondents Chad Wolf and Matthew Albence from the case and amend the case caption accordingly; and it is further

ORDERED, that Petitioner's application for a writ of habeas corpus [ECF No. 1] is denied.

The Clerk of Court is directed to terminate this action. SO ORDERED.

Dated:  June 9, 2021
        Rochester, New York           ENTER:

                                      _____
                                      CHARLES J. SIRAGUSA
                                      United States District Judge